```
                   UNITED STATES DISTRICT COURT

                   EASTERN DISTRICT OF LOUISIANA


MARINA ENTERPRISES PARTNERSHIP         *      CIVIL ACTION

versus                                 *      NO. 06-9623

CERTAIN UNDERWRITERS AT LLOYD'S        *      SECTION "F"
OF LONDON through FOREST INSURANCE
FACILITIES, POWELL INSURANCE AGENCY,
INC., and ABC INSURANCE COMPANY
```

ORDER AND REASONS

Before the Court is plaintiff's motion to remand.  For the reasons that follow, the motion is GRANTED.

Hurricane Katrina damaged property belonging to Marina Enterprise Partnership in Chalmette, Louisiana.  Marina Enterprise has not been able to settle its insurance claim with Lloyd's amicably, and filed suit against Lloyd's and the insurance agency, Powell.  Marina Enterprise filed in state court, but Powell removed to this Court, invoking this Court's original diversity jurisdiction.  Marina Enterprise now moves to remand, arguing that the defendants have not met their burden to show that the in-state defendant, Powell, has been improperly joined and that the parties meet the requirements for diversity jurisdiction.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state

1

defendant insurance companies.  Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).

This case is no different.  In the state court petition, the majority of Marina Enterprise's allegations are directed at Lloyd's for arbitrary and capricious failure to pay damages under the policy, primarily because the parties dispute whether the damage was caused by hurricane winds or flood waters.  But two complaints are directed toward Powell.  In one of these allegations, the plaintiff alleges that Powell was negligent by "informing plaintiff that the policy sold to plaintiff would cover 'all hurricane damages,'" which may represent a cause of action under Louisiana law.  See Graves v. State Farm Mutual Auto Ins. Co., 821 So.2d 769 (La. App. 2002).  Given the legal duties of agents outlined in recent Orders of all Sections of this Court, and the fact that the defendant's pleading acknowledges that as late as

July 2005, Marina Enterprises "requested the change in limits to the policy," the Court finds that State Farm has not met its burden in proving that the plaintiff has <u>no</u> possibility of recovery against Gallodoro under Louisiana state law.  This Court cannot make a determination on peremption on these facts and cannot state that the plaintiff is without recovery against Powell.

Accordingly, the plaintiff's motion to remand is GRANTED. The case is hereby remanded to state court.

New Orleans, Louisiana, March 8, 2007.

*[signature]*
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE